Michael H. Raichelson, SBN 174607
PERSOLVE, LLC
9301 Corbin Ave., Suite 1600
Northridge, CA 91324
866-438-1259; 818-534-3100; 818-534-3140 (fax)
Refer to File Number C1713435
Attorneys for Persolve Legal Group, Inc.

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>ALBA INTERIANO,<br><br>DEBTOR. | Case No.: 1:18-bk-11680 VK<br><br>**SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF**<br><br>Date:  December 10, 2019<br>Time:  11:00 a.m.<br>Courtroom: 21041 Burbank Blvd., Courtroom 301, Woodland Hills, CA 91367 |

Creditor, Persolve Legal Group, LLP ("Persolve") hereby files its Supplemental Opposition to Ex Parte Motion to Turnover of Property of the Estate as follows:

### I.

### **INTRODUCTION**

As a starting point, this Motion is moot. Persolve notified the Los Angeles Sheriff to turn over the monies identified in the Motion to Debtor, Alba Interiano. *See* Declaration of Michael H. Raichelson in support of this Opposition. Persolve never had an intent to violate in any manner

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE
ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 1

section 362 of the Bankruptcy Code. And, Persolve never had possession of any of the monies identified in the Motion.

## II.

### **PERSOLVE DID NOT WILLFULLY VIOLATE THE AUTOMATIC STAY**

On March 29, 2018 (i.e., more than three months before the Debtor files for bankruptcy protection), Persolve submitted its writ of execution to the Los Angeles Sheriff. Thereafter, the Sheriff served the writ of execution on Bank of America. Then, on July 3, 2018, the Debtor filed her bankruptcy petition. On August 6, 2018. Debtor filed her Schedules and supporting paperwork and there was zero mention in the paperwork concerning the funds held by Bank of America and did not make any exemptions related to the funds. *See* Debtor's August 6, 2018 Schedules A/B and C, as well as her Statement of Financial Affairs, item no. 10 Docket no. 14. As reflected in these documents, as of August 6, 2018, the Debtor did not identify the funds held by Bank of America and/or the writ of execution anywhere in her paperwork.

On or about August 23, 2018, Persolve filed its initial proof of claim in this matter. On or about September 21, 2018, Persolve filed its Objection to Debtor's initial Plan. As clearly stated in the Objection, at that point in time, Persolve did not know if the funds were held by the Sheriff or Bank of America. This is because, in a typical situation, if the Los Angeles Sheriff has monies in its possession when a Debtor is in bankruptcy, it sends notice to the Trustee, the Debtor's counsel, and the Creditor that it has possession of the funds, and requests direction from the parties. In this case, no such notice was ever received by Persolve. *See* Declaration of Michael H. Raichelson in support of this Opposition. **Persolve never received this notice from the Sheriff.**

**On January 9, 2019, the Debtor's bankruptcy case was dismissed, creating further confusion.** See Docket no. 49. At the time that Debtor's case was dismissed, Persolve still believed

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE
ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 2

that the funds were in the possession of Bank of America in that it never received any request from the Debtor to release the funds and/or notice from the Sheriff confirming that the funds were in its possession. On February 12, 2019, the Court issued an Order setting aside the Dismissal. *See* Docket no. 56.

In addition, Persolve did not become aware of the transfer of the funds from Bank of America to the Los Angeles Sheriff until August 2019 and/or September 4, 2019. At no time prior to September 4, 2019, did Persolve ever receive any notice from the Sheriff indicating that the funds were transferred, without Persolve's knowledge, from Bank of America to the Sheriff. And, since July 3, 2018 (i.e., the date Debtor filed her bankruptcy) until August 2019, did anyone on Debtor's behalf ever make any demand for the funds. And, at no time did the Sheriff ever transfer the funds to Persolve. Notwithstanding, Persolve on its own initiate notified the Sheriff in October 2019 to transfer any funds in its possession to the Debtor out of an abundance of caution.

While Persolve disputes whether or not it violated the automatic stay, it is undisputed that Persolve never willfully violated the automatic stay. Thus, the Court should take Debtor's Turnover Motion off calendar and not award any damages to Debtor.

### III

### IT IS NOT APPROPRIATE TO SANCTION PERSOLVE UNDER SECTION 362(k)

First, as noted above, the Debtor never requested that Persolve take any action related to the funds until recently. Second, Persolve was unaware that the funds were transferred from Bank of America to the Sheriff until recently. Third, it would be inappropriate to sanction Persolve under 11 USC Section 362(k) under these circumstances.

Section 362(k) requires a "willful" violation of the automatic stay. Once the bankruptcy case was filed, Persolve took no action to collect on the debt, other than filing a proof of claim.

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE
ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 3

and subsequently filing an amended proof of claim. As set forth above, Persolve never had any intent to violate, willfully or otherwise, the automatic stay.

In *Miller v. Dusbabek* (In re Miller) (Bankr.D.Colo. Dec. 14, 2011, Nos. 11-26914 ABC, 11-1517 ABC) 2011 Bankr. LEXIS 4982, at *8-10.) the Court confirmed that a "creditor's refusal to release garnished funds, to the potential detriment of its lien rights in those funds, does not violate the automatic stay." "The failure of the garnishor to affirmatively act to release the garnished funds to the debtor does not subject it to actual and/or punitive damages as a 'willful violation' of the automatic stay under 11 U.S.C. § 362(k). Since this is the only conduct by Defendants which is alleged to have violated the stay, Plaintiff's complaint does not state a claim upon which relief may be granted."

First, Persolve notified the Sheriff to forward the funds to the Debtor and this Motion is moot. Second, like the creditor in *Miller*, any delay in notifying the Sheriff to forward the funds to the Debtor, to the potential detriment of its lien rights in the Bank of America funds, does not violate the automatic stay. *See Id.* The failure of Persolve to affirmatively act to release the garnished funds to the Debtor does not subject it to actual and/or punitive damages as a "willful violation" of the automatic stay under 11 U.S.C. § 362(k). *See Id.* Since, like *Miller*, this is the only conduct by Persolve which is alleged to have violated the stay, Debtor's request in its Reply does not state a claim upon which this Court may grant relief. *See Id.*

Thus, the Motion is moot and no sanctions should be issued.

///

///

///

///

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 4

## IV

## NO EVIDENCE OF DAMAGES

Debtor has submitted no evidence concerning purported damages. Thus, even if the Court was inclined to award damages, which it should not, there is no evidence of damages. At this point, it would be improper for Debtor to submit any further evidence in its Reply Brief.

## V.

## CONCLUSION

This matter is now moot. So, the Court should take this matter off calendar. Alternatively, the Court should not award any damages to Debtor in that there was no willful violation of the automatic stay.

Dated this 25th day of November, 2019.

_____
Michael H. Raichelson, Counsel for Persolve

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 5

# DECLARATION OF MICHAEL H. RAICHELSON

I, Michael H. Raichelson, declare as follows:

1. I am currently the General Counsel of Persolve Legal Group, LLP and Persolve, LLC (collectively "Persolve") unless stated otherwise. As General Counsel, I am familiar with Persolve's books and records, electronic and paper records. The information set forth below based on my personal knowledge and information obtained from Persolve's books and records. If called as a witness, I could and would competently testify to the following:

2. On March 29, 2018 (i.e., more than three months before the Debtor files for bankruptcy protection), Persolve submitted its writ of execution to the Los Angeles Sheriff. Thereafter, the Sheriff served the writ of execution on Bank of America. Then, on July 3, 2018, the Debtor filed her bankruptcy petition.

3. I have reviewed Debtor's bankruptcy filing and the Court's docket and based on that review, on August 6, 2018. Debtor filed her Schedules and supporting paperwork and there was virtually no mention in the paperwork concerning the funds held by Bank of America and the Debtor did not make any exemptions related to the funds. *See* Debtor's August 6, 2018 Schedules A/B and C, as well as her Statement of Financial Affairs, item no. 10 Docket no. 14. As reflected in these documents, as of August 6, 2018, the Debtor did not identify the funds held by Bank of America and/or the writ of execution anywhere in her paperwork.

4. On or about August 23, 2018, Persolve filed its initial proof of claim in this matter. On or about September 21, 2018, Persolve filed its Objection to Debtor's initial Plan. As stated in the Objection, at that point in time, Persolve did not know if the funds were held by the Sheriff or Bank of America. As General Counsel, I learned that when a Debtor files for bankruptcy protection and if the Sheriff is holding funds pursuant to a writ of execution,

Persolve receives a notice from the Sheriff notifying Persolve that funds are being held. And, this notice from the Sheriff requests direction from the parties as to what to do with the funds. Based on review of the file, in this case, no such notice was ever received by Persolve. Again, **Persolve never received this notice from the Sheriff**.

5. On January 9, 2019, <u>the Debtor's bankruptcy case was dismissed</u>, creating further confusion. See Docket no. 49. At the time that Debtor's case was dismissed, Persolve still believed that the funds were either in the possession of Bank of America or the Sheriff in that it never received any request from the Debtor's attorney to release the funds and/or notice from the Sheriff confirming that the funds were in its possession. On February 12, 2019, the Court issued an Order setting aside the Dismissal. *See* Docket no. 56.

6. Based on my review of Persolve's file, Persolve did not become aware of the transfer of the funds from Bank of America to the Los Angeles Sheriff until August 2019 and/or September 4, 2019. At no time prior to September 4, 2019, did Persolve ever receive any notice from the Sheriff indicating that the funds were transferred, without Persolve's knowledge, from Bank of America to the Sheriff. And, since July 3, 2018 (i.e., the date Debtor filed her bankruptcy) until August 2019, did anyone on Debtor's behalf ever make any demand for Persolve to take any action related to the funds. And, at no time did the Sheriff ever transfer the funds to Persolve. Again, at no time did Persolve have possession of the funds. Notwithstanding, pursuant to my direction, Persolve on its own initiate notified the Sheriff in October 2019 to transfer any funds in its possession to the Debtor out of an abundance of caution.

7. Persolve never willfully violated the automatic stay. Thus, the Court should take Debtor's Turnover Motion off calendar and not award any damages to Debtor.

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 7

8. As a point of clarification, when Debtor filed her ex parte motion to turn over the funds, I was not the acting General Counsel for Persolve in that I was on a leave of absence. This was a source of confusion for Persolve related to receiving notices about this matter. I was under the mistaken impression that Persolve was still receiving notices of filings in this matter while I was on a leave of absence. It should also be noted that Persolve was on the Court's Manual Notice List, as identified on the ECF, and based on that List, I was under the impression that notices in this matter were being sent by stakeholders like Debtor via regular mail.

9. One final note – I advised Debtor's counsel in a telephone call in late October or early November, 2019, that Persolve advised the Sheriff to forward the funds to the Debtor. Since that time, I have inquired at least two times from Debtor's counsel his intention related to this matter in that I have received an unclear email from Debtor's counsel. I have received notice response to my queries.

I declare under penalty of the perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 25, 2019

_____

Michael H. Raichelson

SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF - 8

| In re:<br>**Alba Interiano**<br>Debtor(s). | CHAPTER: **13**<br>CASE NUMBER: **1:18-bk-11680 VK** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21900 Burbank Blvd., Suite 300, Woodland Hills, CA 91367**

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENTAL OPPOSITION TO EX PARTE MOTION TO TURNOVER OF PROPERTY OF THE ESTATE; DECLARATION OF MICHAEL H. RAICHELSON IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/26/19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Anthony Obehi Egbase    info@aoelaw.com, sandy@ecf.inforuptcy.com;egbasear54561@notify.bestcase.com
- Jamie D Hanawalt    ecfcacb@aldridgepite.com, jhanawalt@ecf.inforuptcy.com
- Raymond Jereza    ecfcacb@aldridgepite.com, rjereza@ecf.inforuptcy.com
- Erin M McCartney    bankruptcy@zbslaw.com, emccartney@ecf.courtdrive.com
- Austin P Nagel    melissa@apnagellaw.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Jennifer H Wang    jwang@cookseylaw.com, jwang@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 26, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**The Honorable Victoria Kaufman**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **13** |
|---|---|---|
| **Alba Interiano** | Debtor(s). | CASE NUMBER **1:18-bk-11680** |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **November 26, 2019** | **Michael H. Raichelson** | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                       **F 9013-3.1**